NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD HENKIE RAJO, ET AL., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No.   12-72902 <br><br> Agency No. A096-351-539 <br> A096-351-540 <br> A096-351-542 <br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2017**
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,*** District
Judge.

Petitioners Ronald Henkie Rajo, Olly Fonny Rogahang, and Oscean Swingly

Rajo (collectively, "Petitioners"), petition for review of the Board of Immigration

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Faber, United States District Judge for the
Southern District of California, sitting by designation.

Appeals' ("BIA") August 16, 2012 order, which denied Petitioners' untimely motion to reopen their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. Petitioners are Seventh Day Adventists from Indonesia who argue that they will face persecution upon removal because of their Christian faith. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion, and its factual determination of changed country conditions for substantial evidence. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012); *Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010).

**1.** Generally, an alien must move to reopen a denied application for asylum or withholding of removal within 90 days of the BIA's last order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioners' motion to reopen was untimely because Petitioners moved to reopen the BIA's April 27, 2007 order of removal over four years later, on January 10, 2012. An exception to the 90-day deadline applies if the alien shows "changed country conditions" that now affect the alien's eligibility for asylum or withholding of removal. *Id.* § 1229a(c)(7)(C)(ii). The changed country conditions must be material, and the newly presented evidence must not have been discoverable during the previous proceeding. *Id.* The new evidence must also be particular to the individual petitioners. *See Tampubolon v. Holder*,

2

610 F.3d 1056, 1062 (9th Cir. 2010).

The BIA's determination that the exception does not apply here was not an abuse of discretion because Petitioners failed to present evidence of changed country conditions that carry an "individualized risk" to themselves. *See id.* at 1061–62; *cf. Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004). While Petitioners included in their motion various news articles and expert witness testimony showing generally worsening persecution of Christians in Indonesia, they presented no evidence that they or their family have been targeted.

**2.** Petitioners' assertion that recent Ninth Circuit case law establishing Indonesian Christians as a disfavored group requires granting the petition is also unavailing. Although membership in a disfavored group relaxes a petitioner's burden to show individualized risk, *see Wakkary v. Holder*, 558 F.3d 1049, 1063 (9th Cir. 2009); *Tampubolon*, 610 F.3d at 1062, here the BIA assumed that Petitioners were members of a disfavored group. Even under the relaxed analysis, the BIA found that Petitioners failed to show sufficient individualized risk.

**3.** Petitioners also argue that the BIA abused its discretion by not expressly considering the government's failure to file an opposition to the motion to reopen. But the government's failure to file an opposition is immaterial because the BIA denied Petitioners' motion to reopen for not meeting substantive requirements. It was Petitioners' burden to present material evidence of changed country

3

conditions, *Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010), but they did not do so.  Further, the BIA's order recognized that the government did not oppose Petitioners' motion.

In sum, the BIA did not abuse its discretion in denying Petitioners' motion to reopen.

**PETITION FOR REVIEW DENIED.**